IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>　　　　　Defendants. | Case No. 23-cv-14710<br><br>**Judge Jeremy C. Daniel**<br><br>**Magistrate Judge Beth W. Jantz** |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**_EX PARTE_ MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER**

　　Pursuant to [23], Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") submits this Supplemental Memorandum in support of its *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "Motion") [13].

　　Based on the October 19, 2023, hearing, Deckers is concurrently submitting a revised proposed Temporary Restraining Order removing its request to temporarily enjoin Defendants' sales of the patented UGG Design[1] as defined in the Complaint. [1] at p. 7. Deckers continues to seek restraint of Defendants' assets to preserve the *status quo* for the equitable remedy of an accounting of Defendant's profits. An asset restraint is appropriate since Deckers has a strong

---

[1] Deckers, however, continues to believe that an injunction prohibiting sales of infringing products is appropriate since the infringing products cover the entirety of the UGG Design and there is a likelihood of price erosion. *See Razer Auto, Inc. v. Omix-ADA, Inc.*, 2016 WL 6678008, at *7 (C.D. Cal. Apr. 20, 2016) (finding the likelihood of price erosion was evidence of irreparable harm where "Omix does not license its design, and Razer is offering a substantially similar design through at least one identical major sales channel (Amazon.com) at a lower price."); *see also*, *Otter Products, LLC, et al. v. Xunjiecheng, et al.*, No. 18-cv-4425 (N.D. Ill. July 2, 2020) (unpublished) (Docket No. 25) (Pallmeyer, J.) (granting temporary restraining order in a similar case involving design patent infringement); *Oakley, Inc. v. The Partnerships, et al.*, No. 21-cv-536 (unpublished) (Docket No. 27) (Kennelly, J.) (same). See Exhibit 2 for unpublished decisions.

likelihood of success on the merits and will be irreparably harmed without the asset restraint in place.

I. **An Accounting of Profits Is an Equitable Remedy Distinct From Any Claim For Money Damages**

Deckers' Complaint [1] seeks monetary damages under 35 U.S.C. § 284, or in the alternative, all profits realized by Defendants from Defendants' infringement of the UGG Design under 35 U.S.C. § 289. An accounting of profits "is equitable in nature and imposes a constructive trust on the defendant." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) *see also, JL Bev. Co., LLC v. Jim Beam Brands Co.*, 815 F. App'x 110, 115 (9th Cir. 2020) ("When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a [constructive] trustee who is obligated to turn over the property to the constructive beneficiary."). Courts have repeatedly held that a profits accounting, including in a design patent context, is an equitable remedy separate and distinct from a claim for money damages. *See Red Carpet Studios v. Midwest Trading Grp., Inc.*, No. 1:12cv501, 2021 U.S. Dist. LEXIS 59168, at *4 (S.D. Ohio Mar. 29, 2021) ("…there [is] ample support for the conclusion that a claim for damages under [35 U.S.C.] § 289 is one for equitable relief."); *CSC Holdings, Inc.*, 309 F.3d at 996 (Cable Communications Policy Act); *JL Bev. Co., LLC*, 815 F. App'x at 115 - 117 (collecting cases on trademark and copyright).

II. **An Asset Restraint Is Necessary to Preserve Deckers' Equitable Right to An Accounting of Profits**

"[T]he Court unquestionably has authority to freeze assets to preserve an equitable accounting of profits…." *Johnson & Johnson v. Advanced Inventory Mgmt.*, No. 20-cv-3471, 2020 U.S. Dist. LEXIS 248831, at *8 (N.D. Ill. July 20, 2020); *see also*, *CSC Holdings, Inc.*, 309 F.3d at 996 (affirming asset restraint in a case under the Cable Communications Policy Act

2

where plaintiff sought "either statutory damages, actual damages, or an accounting and profits remedy."). At the October 19, 2023, hearing in this case, the Court noted that "it seems that the harms would be damages, easily measured in design patent cases. For every product that you -- that they sell, it is a product that your client doesn't sell, and so that is measurable. I don't see how that becomes irreparable." Transcript of October 19, 2023, Hearing [24] at 3:4-9, attached hereto as Exhibit 1. The Court's reasoning is correct if Deckers were only seeking monetary damages under Section 284. *See CSC Holdings, Inc.*, 309 F.3d at 996 citing *Grupo Mexicano de Desarrollo, S.A.v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999) ("A district court may not issue an injunction freezing assets in an action for money damages where no equitable interest is claimed."). However, like the plaintiff in *CSC Holdings*, Deckers seeks both monetary damages under Section 284 and equitable relief under Section 289. For the reasons given in the Motion, an asset restraint is necessary and appropriate against the China-based Defendants to preserve Deckers' right to an equitable accounting of profits. *See* [14] pp. 10 – 11; s*ee also, Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc*., 2005 U.S. Dist. LEXIS 28917, at *57-58 (N.D. Ill. Nov. 8, 2005) ("They have seen to it that there is no other way to preserve the *status quo* but an asset freeze. Accordingly, the court finds that [plaintiff] has established that it has no adequate remedy at law and will suffer irreparable hardship without a freeze of the [defendant's] assets.").

## **CONCLUSION**

In view of the foregoing, as well as the reasoning provided in Deckers' Memorandum in support of its *Ex Parte* Motion for Entry of a Temporary Restraining Order [14], Deckers respectfully requests that this Court enter a Temporary Restraining Order.

Dated this 2nd day of November 2023.	Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Marcella D. Slay
Thomas J. Juettner
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
mslay@gbc.law
tjjuettner@gbc.law

*Counsel for Plaintiff Deckers Outdoor Corporation*